# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| ADVOCATE CONSULTING GROUP, L.L.C., an Illinois limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | JURY TRIAL DEMANDED |
| BLACKLINE SYSTEMS, INC., a California corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff, Advocate Consulting Group, L.L.C. ("Plaintiff"), for its Complaint against Defendant, BlackLine Systems, Inc. ("Defendant"), for Defendant's infringement of Plaintiff's federally-registered trademark and related, federal and state rights, alleges as follows:

## INTRODUCTION

1. Since at least as early as April 20, 2005, Plaintiff has been engaged in consulting services in the field of design, selection, implementation and use of computer hardware and software systems for others (collectively, "Services"), under the federally-registered trademark BLACK LINE CONSULTING ("BLACK LINE"). Plaintiff has gained a reputation as a superior provider in the fields of technological consulting and software design, selection, implementation and use and Plaintiff's federally-registered trademark is a highly valued resource of Plaintiff.

2. On information and belief, Defendant is engaged in software design for use in corporate financial functions under the infringing mark BLACKLINE SYSTEMS ("Infringing Mark").

## JURISDICTION AND VENUE

3. This is an action for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. §1114) and for unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125) and related Illinois state law.

4. This court has subject matter jurisdiction over this action under 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338 because it involves substantial claims arising under the Lanham Act.

5. The court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

6. Defendant's acts of infringement of Plaintiff's registered mark were committed and affect customers in the Northern District of Illinois, Eastern Division, within the jurisdiction of this Court. Defendant offers its goods and services under the infringing mark to customers in this state and has sold same to customers in this state under the infringing mark.

7. Venue is proper in this court pursuant to 28 U.S.C. §1391 as the Defendant may be found or transacts affairs in this district and the claims alleged arose and are continuing to occur in this district.

## PARTIES

8. Plaintiff is a limited liability company organized and existing under the laws of the State of Illinois, having an office and place of business at 1771 West Diehl Road; Naperville, Illinois 60563.

9. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of California, having an office and a place of business at 21300 Victory Blvd., 12th Floor; Woodland Hills, CA 91367.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114)

10. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-9 as though fully set forth herein.

11. As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

12. Plaintiff has provided services in network management, application development, infrastructure services, information technology management services, and software services under the BLACK LINE mark since at least as early as April 20, 2005. It has used the BLACK LINE mark continuously in commerce since that time.

13. Plaintiff is the owner of federal trademark Registration No. 3,085,252, which issued on April 25, 2006, on the principal register of the United States Patent and Trademark Office. This registration for the BLACK LINE mark covers the Services. A true copy of this registration is attached as Exhibit A. This registration has become incontestable under the provisions of 15 U.S.C. §1065. This registration is valid and subsisting and has never been cancelled.

14. Plaintiff's services are marketed and sold to customers throughout the United States as well as on its website, www.blacklineconsulting.com.

15. Plaintiff has invested substantial time, effort and financial resources promoting its BLACK LINE trademark in connection with the marketing and sale of its services in interstate commerce. The BLACK LINE trademark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality, and its good will. The consuming public recognizes the BLACK LINE trademark and associates it with Plaintiff.

16. Plaintiff's BLACK LINE mark is inherently distinctive as applied to services that Plaintiff provides.

17. Notwithstanding Plaintiff's established rights in the trademark BLACK LINE, on information and belief, Defendant adopted and used a confusingly similar trademark, namely the Infringing Mark, in interstate commerce in connection with the sale and offering of services related to the Services.

18. On or about January 13, 2011, Defendant filed applications for trademark registration at the United States Patent and Trademark Office ("USPTO") for: (a) the Infringing Mark (Serial No. 85,217,403) ("Defendant's 403 Application"); and (b) the mark BLACKLINE (Serial No. 85,217,237) ("Defendant's 237 Application," and together with Defendant's 403 Application, "Defendant's Applications"). These applications asserted that Defendant first used the Infringing Mark and the BLACKLINE mark on September 13, 2006, and first used the same in interstate commerce on September 13, 2006.

19. Approximately three months after receiving Defendant's Application, the USPTO issued Office Actions refusing registration on the ground that the Infringing Mark and the

BLACKLINE mark were confusingly similar to Plaintiff's federally-registered BLACK LINE mark. Defendant's Applications were later abandoned.

20. On or about September 13, 2012, Defendant filed a new application for trademark registration at the USPTO for the Infringing Mark with a design element (Serial No. 85,728,749). This application asserted that Defendant first used the Infringing Mark in conjunction with the design element on February 7, 2008, and first used the Infringing Mark in conjunction with the design element in interstate commerce on February 7, 2008.

21. Defendant owns the www.blackline.com domain name and sells and markets its software and management services at the web site connected to that domain name.

22. Upon information and belief, Plaintiff's BLACK LINE mark was distinctive at the time Defendant registered the www.blackline.com domain name.

23. Without Plaintiff's consent, Defendant has used the Infringing Mark in connection with the sale, offering for sale, distribution or advertising of its services.

24. Defendant has engaged in its infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. §1072 and, upon information and belief, despite having actual knowledge of Plaintiff's use of the BLACK LINE mark.

25. Defendant's actions are likely to lead the public to conclude, incorrectly, that its goods originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public.

26. Upon information and belief, Defendant has advertised and offered its goods for sale using the Infringing Mark with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on Plaintiff's reputation and good will.

27. Defendant's unauthorized use of the Infringing Mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. §1114(1) and is likely to cause consumer confusion, mistake, or deception.

28. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer loss of income, profits, and good will and Defendant has and will continue to unfairly acquire income, profits, and good will.

29. Defendant's acts of infringement will cause further irreparable injury to Plaintiff's reputation and goodwill for which there is no adequate remedy at law if Defendant is not restrained by this Court from further violation of Plaintiff's rights.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125)

30. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-29 as though fully set forth herein.

31. As its second ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

32. Defendant's unauthorized marketing and sale of its services in interstate commerce using the Infringing Mark constitutes the false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce.

33. Defendant's actions constitute federal unfair competition and violate 15 U.S.C. §1125(a).

34. As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and good will and Defendant has and will continue to acquire income, profits and good will.

35. Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff's reputation and goodwill for which there is no adequate remedy at law if Defendant is not restrained by this Court from further violation of Plaintiff's rights.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

36. Plaintiff realleges and incorporates the allegations of paragraphs 1-35 as though fully set forth herein.

37. As its fourth ground for relief, Plaintiff hereby alleges a deceptive trade practice violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/1, *et seq.*

38. The Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/1, *et seq.*, provides that a person engages in deceptive trade practices when, *inter alia*, he "passes off goods or services as those of another;…causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another;…[or] represents that goods or services have sponsorship, approval, characteristics…that they do not have…."regardless of whether or not there is "competition between the parties or actual confusion or misunderstanding." 815 ILCS §510/2.

39. Defendant's unauthorized use of the Infringing Mark, or approximations or simulations thereof, trades on the business reputation and goodwill of Plaintiff with the intention of deceiving the public into believing that Defendant is affiliated, connected or associated with Plaintiff in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/1-7.

40. Plaintiff has been and is being damaged by such violation and has no adequate remedy at law. Defendant's unlawful and willful conduct will continue to damage Plaintiff unless enjoined by this Court.

41. Based on Defendant's previous and continuing knowledge of Plaintiff's federally-registered mark and continued activities, Defendant's violation of the Illinois Uniform Deceptive Trade Practices Act is willful.

## COUNT IV
## VIOLATION OF ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT

42. Plaintiff realleges and incorporates the allegations of paragraphs 1-41 above as though fully set forth herein.

43. As its fifth ground for relief, Plaintiff hereby alleges a deceptive trade practice violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1, *et seq.*

44. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1, *et seq.*, makes "the use or employment of any deception[,] fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact,…or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act'…in the conduct of any trade or commerce" unlawful, regardless of whether "any person has in fact been misled, deceived or damaged thereby." 815 ILCS §505/2.

45. Defendant's continuing unauthorized use of the Infringing Mark, or approximations or simulations thereof, so as to mislead and deceive the public by suggesting an association, connection, or affiliation of Defendant with Plaintiff is an unfair method of

competition and a deceptive act or practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1-12.

46. Plaintiff has been damaged by such violation and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

47. Based on Defendant's previous and continuing knowledge of Plaintiff's federally-registered trademark and continued activities, Defendant's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act is willful.

## COUNT V
## VIOLATION OF COMMON LAW-TRADEMARK INFRINGEMENT

48. Plaintiff realleges and incorporates the allegations of paragraphs 1-47 above as though fully set forth herein.

49. As its sixth ground for relief, Plaintiff hereby alleges infringement in violation of the common law of Illinois.

50. As a result of its actions as hereinabove pleaded, Defendant's continuing unauthorized use of the Infringing Mark, or approximations or simulations thereof, in promoting their operation is a violation of the common law of Illinois in that it is likely to cause consumer confusion, mistake or deception, and lead the public to conclude, incorrectly, that its goods originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public.

51. Said acts of Defendant have caused direct and proximate damage to Plaintiff, as set forth herein, for which there is no adequate remedy at law. Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

**COUNT VI**
**VIOLATION OF COMMON LAW UNFAIR COMPETITION**

52. Plaintiff realleges and incorporates the allegations of paragraphs 1-51 as though fully set forth herein.

53. As its seventh ground for relief, Plaintiff hereby alleges common law unfair competition.

54. As a result of its actions as hereinabove pleaded, Defendant has misappropriated valuable property rights of Plaintiff, is trading on the goodwill of Plaintiff as symbolized by Plaintiff's distinctive BLACK LINE mark, and has and is thereby likely to further confuse and deceive members of the purchasing public in violation of the common law of unfair competition of the State of Illinois.

55. Plaintiff has been damaged by such violation and has no adequate remedy at law. Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

56. Based on Defendant's previous and continuing knowledge of Plaintiff's federally-registered trademark and continued activities, Defendant's violation of Common Law Unfair Competition is willful.

**COUNT VII**
**VIOLATION OF FEDERAL ANTI-CYBERSQUATTING ACT**

57. Plaintiff realleges and incorporates the allegations of paragraphs 1-56 as though fully set forth herein.

58. As its eighth ground for relief, Plaintiff hereby alleges a violation of the Federal Anti-Cybersquatting Act.

59. Defendant's acts, as pleaded above, constitute a violation of the Federal Anti-Cybersquatting Act, 15 U.S.C. § 1125(d).

60.     Said acts of Defendant have caused direct and proximate damage to Plaintiff, as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

A.  Entering a judgment stating that:

   1.  Plaintiff's BLACK LINE trademark has been and continues to be infringed by Defendant in violation of 15 U.S.C. §1114(1);

   2.  Defendant's use of its Infringing Mark trademark constitutes federal unfair competition in violation of 15 U.S.C. §1125(a);

   3.  Defendant's use of the Infringing Mark, or approximations or simulations thereof, violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/1-7;

   4.  Defendant's use of the Infringing Mark, or approximations or simulations thereof, an unfair method of competition and a deceptive act or practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1-12;

   5.  Entering a judgment that Defendant's continuing unauthorized use of the Infringing Mark, or approximations or simulations thereof, in promoting their operation is a violation of the common law of trademark infringement in Illinois.

   6.  Defendant's use of the Infringing Mark constitutes a violation of the common law of unfair competition of the State of Illinois;

   7.  Defendant's registration and use of the domain name, www.blackline.com, constitutes a violation of the Federal Anti-Cybersquatting Act, 15 U.S.C. § 1125(d).

B.  Permanently enjoining and restraining the Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the Infringing Mark with or without its accompanying logo, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute, or identify Defendant's products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's BLACKLINE mark;

C. Requiring that Defendant transfer the domain name www.blackline.com to Plaintiff and permanently enjoining and restraining Defendant, and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from directly or indirectly using the domain name www.blackline.com, or any other domain name containing any mark confusingly similar to Infringing Mark on the Internet, or other electronic means of dissemination.

D. Pursuant to 15 U.S.C. §1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendant has complied with the injunction;

E. Pursuant to 15 U.S.C. §1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the Infringing Mark;

F. Pursuant to 15 U.S.C. §1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for its Infringing Mark or any combination of words or symbols that would create a likelihood of confusion, mistake or deception with Plaintiff's mark, including, without limitation, Defendant's trademark application serial number 85,728,749;

G. Awarding to Plaintiff all damages it sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. §1117;

H. Awarding to Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. §1117;

I. Awarding treble actual damages and profits pursuant to 15 U.S.C. §1117(b) because Defendant's conduct was willful within the meaning of the Lanham Act;

J. Awarding Plaintiff its attorneys' fees and costs pursuant to 15 U.S.C. §1117, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions; and

K. Granting Plaintiff such other and further relief as the Court may deem just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 30, 2012                                    Respectfully submitted,

                                                                                         Advocate Consulting, L.L.C.

By: /s/ Stan Sneeringer
One of its attorneys

Stan Sneeringer
Azi M. Lowenthal
Pedersen & Houpt
161 North Clark Street, Suite 3100
Chicago, Illinois 60601
312-261-2238
312-261-1238 fax
ssneeringer@pedersenhoupt.com